**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12-cv-01314 (CKK) |
| ) | |
| CHASE HOME FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

JPMorgan Chase Bank, N.A. ("Chase"), successor by merger to Chase Home Finance, LLC ("Chase Finance"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court for an Order dismissing Plaintiff Donald Willis' ("Plaintiff") Complaint with prejudice or, alternatively, transferring the venue of this lawsuit to the United States District Court for the Northern District of Texas, Fort Worth Division. The grounds and authorities in support of this motion are set forth in the accompanying memorandum of law.

WHEREFORE, JPMorgan Chase Bank, N.A. respectfully requests that the Court grant its Motion to Dismiss or, in the Alternative, to Transfer Venue. A proposed Order setting forth the requested relief is attached.

Dated:  August 28, 2012		Respectfully submitted,


			 */s/ Jeffrey L. Tarkenton*
			Jeffrey L. Tarkenton (D.C. Bar No. 376493)
			Todd D. Ross (DC Bar No. 975943)
			WOMBLE CARLYLE SANDRIDGE &
			   RICE, LLP
			1200 Nineteenth Street, N.W.
			Suite 500
			Washington, DC  20036
			Tel:  (202) 857-4450
			Fax:  (202) 261-0050
			jtarkenton@wcsr.com
			toross@wcsr.com

			*Attorneys for Defendant JPMorgan Chase
			   Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2012, I caused a copy of the foregoing JPMorgan Chase Bank, N.A.'s Motion to Dismiss or, in the Alternative, to Transfer Venue to be served via the Court's CM/ECF system or by first class, U.S. mail, postage prepaid, upon the following:

>Donald Willis
>7205 Norma Street
>Fort Worth, TX  76112

>    */s/ Jeffrey L. Tarkenton*
>Jeffrey Tarkenton (DC Bar No. 376493)
>Todd D. Ross (DC Bar No. 975943)
>WOMBLE CARLYLE SANDRIDGE &
>   RICE, LLP
>1200 Nineteenth Street
>Suite 500
>Washington, DC  20036
>Tel.:  (202) 857-4450
>Fax:  (202) 261-0050
>jtarkenton@wcsr.com
>toross@wcsr.com

WCSR  7386557v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12-cv-01314 (CKK) |
| ) | |
| CHASE HOME FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant JPMorgan Chase Bank, N.A., ("JPMC"), successor by merger to Chase Home Finance, LLC ("Chase"), by counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits the following Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Transfer Venue of the Complaint filed against it by Donald Willis ("Plaintiff").

**INTRODUCTION**

The Plaintiff's Complaint, which he filed with this Court, is almost identical to the complaint (the "Texas Complaint") that he filed against Chase and Ameriquest Mortgage Company ("Ameriquest") with the United States District Court for the Northern District of Texas, Dallas Division (the "Dallas Federal Court") on December 2, 2010 (case no. 10-02450) and which the Dallas Federal Court subsequently, *sua sponte*, transferred to the United States District Court for the Northern District of Texas, Fort Worth Division (the "Fort Worth Federal Court") on the grounds that "[t]he incidents out of which Plaintiff's claims arise occurred in Tarrant County within the Forth Worth Division of the Northern District of Texas, making the Fort Worth Division of the Northern District of Texas a more convenient forum." The Fort Worth Federal Court designated the case as case no. 10-00993.

On February 11, 2011, the Fort Worth Federal Court entered an order dismissing the Texas Complaint on the grounds that Plaintiff had failed to pay the filing fee.  The Dallas and Fort Worth dockets do not show that the Plaintiff ever served the Texas Complaint on either defendant.

This Court should dismiss the Complaint which asserts claims against Chase for predatory lending and for fraud.  Dismissal is appropriate because Texas does not recognize a common law claim for predatory lending and because the Plaintiff fails to meet the general and specific notice pleading standards under Rules 8 and 9 of the Federal Rules of Civil Procedure to state a claim for fraud.  For these reasons, and as more fully described below, the Complaint should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Alternatively, the Court should transfer the venue of this case to the Fort Worth Federal Court which, as the Dallas Federal Court found, is the appropriate forum for this lawsuit.

## STATEMENT OF FACTS[1]

1. On December 2, 2010, the Plaintiff filed the Texas Complaint with the Dallas Federal Court.  A copy of the Texas Complaint is attached hereto as *Exhibit 1*.  The Texas Complaint named Chase and Ameriquest as defendants and was titled "Class Action Complaint Based Upon Predatory Lending and Mortgage Fraud (Amended)."

2. On December 13, 2010, the Dallas Federal Court docketed the Findings, Conclusions and Recommendation of the United States Magistrate Judge (the "Magistrate's Findings") recommending the transfer of the case to the Fort Worth Federal Court.  A copy of the Magistrate's Findings is attached hereto as *Exhibit 2*.  The Magistrate found as follows:

---

[1] Plaintiff's allegations of fact are assumed to be correct solely for the purposes of this motion.

2

> The incidents out of which Plaintiff's claims arise occurred in Tarrant County within the Forth Worth Division of the Northern District of Texas, making the Fort Worth Division of the Northern District of Texas a more convenient forum.  See *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied sub nom.*, *Bell v. Thigpen*, 464 U.S. 843 (1983). Transfer to the Fort Worth Division of the Northern District of Texas is appropriate in this case, and the Court recommends that this case be transferred.

3. On December 30, 2010, the Dallas Federal Court entered an order approving the Magistrate's Findings and transferred the case to the Fort Worth Federal Court.  A copy of the December 30, 2010 Order is attached hereto as ***Exhibit 3***.

4. On February 11, 2011, the Fort Worth Federal Court entered an Order of Dismissal dismissing the Texas Complaint based upon the Plaintiff's failure to pay the Court's filing fee.  A copy of the Order of Dismissal is attached hereto as ***Exhibit 4***.

5. The Texas Complaint is almost identical to the Complaint that the Plaintiff filed with this Court.  The only differences of substance are the deletion of the word "Class" from the title of the Complaint and the deletion of Ameriquest as a defendant.

6. The Complaint, which consists of unsupported legal conclusions and argument, contains only generalized, but no specific, allegations of wrongdoing.  Indeed, the Complaint fails to identify whether the Plaintiff's claims pertain to an existing loan or whether they arise from the Plaintiff's failure to obtain a loan.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While Rule 8(a) does not require "detailed factual allegations," a complaint achieves facial plausibility only when it contains factual allegations sufficient to support a "reasonable inference" that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556; *see*

*also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Simply put, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

The *Iqbal* Court set forth a two-step process for determining whether a complaint meets the plausibility standard.  *Id.* at 1949-50.  First, a court should identify those allegations which, because they are merely unsupported conclusions, should not be accepted as true.  *Id.* at 1951; *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (the court is not required to accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint); *Walker v. Paulson*, 2007 U.S. Dist. LEXIS 41218, *4 (D.D.C. June 7, 2007) (while *pro se* complaints are generally construed more liberally than those drafted by an attorney, "a *pro se* plaintiff's inferences need not be accepted if such inferences are unsupported by the facts set out in the complaint.").  Under this prong, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1951.  Second, a court should assume the truth of well-pleaded factual allegations, if any, and then determine, by drawing on "its judicial experience and common sense" whether these well-pleaded allegations plausibly give rise to a claim for relief.  *Id.* at 1950.  Dismissal is appropriate where, as here, the Plaintiff has alleged no facts which, if proven, would entitle Plaintiff to the requested relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Walker v. Paulson*, 2007 U.S. Dist. LEXIS 41218, *4 (D.D.C. June 7, 2007) ("A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court."); *Lipton v. MCI Worldcom, Inc.,* 135 F. Supp. 2d 182, 185 (D.D.C. 2001).

# ARGUMENT

## I. Plaintiff Fails to Satisfy General Notice Pleading Requirements.

Plaintiff asserts claims for predatory lending and fraud but alleges no factual allegations to support his claims. Chase is unable to respond to the legal or factual allegations as set forth in the Complaint. Dismissal is appropriate where, as here, the Complaint is so incomprehensible, ambiguous, vague, or unintelligible that its true substance is well-disguised. *See Robinson-Reeder v. Kearns*, 818 F. Supp. 2d 61, 64 (D.D.C. 2011). Because the Plaintiff has failed to give adequate notice of the claims asserted in the Complaint, the Complaint should be dismissed.

## II. Plaintiff Fails to State a Claim for Predatory Lending.

The Plaintiff asserts a claim for "predatory lending," but such a cause of action does not exist in Texas. *Brown v. Aurora Loan Servs., LLC*, No. 4:11CV111, 2011 WL 2783992, at *4 (E.D. Tex. June 7, 2011) (Mazzant, Magistrate J.), *report and recommendation adopted at* 2011 WL 2728384 (citing *Smith v. National City Mortgage*, No A-09-CV-881, 2010 WL 3338537, at *3 (W.D. Tex. Aug. 23, 2010)). Accordingly, the Court should dismiss Plaintiff's claim for predatory lending.

## III. Plaintiff Fails to State a Claim for Fraud.

The Plaintiff claims that Chase engaged in a scheme to defraud him of his home, but he fails to allege any facts to support his claim of fraud. He fails to allege whether he owns a home, whether Chase financed the loan on his home, whether Chase refused to finance the loan on his home, or whether Chase foreclosed on his home. The Complaint simply contains no facts that could support a claim for fraud.

Under Rule 9(b) of the Federal Rules of Civil Procedure, complaints alleging fraud are measured by a heightened pleading requirement, *i.e.*, "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *Evans v. First Mount Vernon,*

*ILA*, 786 F. Supp. 2d 347, 352 (D.D.C. 2011).  "Under District of Columbia law, an allegation of fraud must include the following essential elements:  (1) a false representation, (2) concerning a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) upon which reliance is placed."  *Evans*, 786 F. Supp. 2d at 352 (quoting *Acosta Orellana v. CropLife Int'l.*, 711 F. Supp. 2d 81, 96 (D.D.C. 2010)).  "In this Circuit, the circumstances that the claimant must plead with particularity include matters such as the time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud."  *Evans*, 786 F. Supp. 2d at 352 (quoting *Chelsea Condo. Unit Owners Ass'n v. 1815 A. St., Condo. Grp., LLC*, 468 F. Supp. 2d 136, 146 (D.D.C. 2007)).

Without any particularity and without asserting any facts to satisfy the required elements for an allegation of fraud, Plaintiff simply states in "Allegation 1" that ". . . the defendants have engaged in a scheme to defraud the plaintiff out of his home for greedy and selfish reasons."  Similarly, in "Allegation 4," he claims that "[t]he Defendants is (*sic*) part of a mortgage deception and predatory lending scheme to defraud the plaintiff out of his opportunity to own a home."  However, the Plaintiff fails to allege any facts to support these allegations.

Plaintiff's allegations are simply conclusory with no factual allegations pled in support, and they do not meet the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.

**IV.     Alternatively, the Court Should Transfer the Venue of This Case to the Fort Worth Federal Court.**

In the alternative, the Court should transfer the venue of this case to the Fort Worth Federal Court where, as the Dallas Federal Court concluded in the Magistrate's Findings, "[t]he incidents out of which Plaintiff's claims arise occurred in Tarrant County within the Forth Worth

Division of the Northern District of Texas, making the Fort Worth Division of the Northern District of Texas a more convenient forum." *See* December 13, 2010 Order at 2. Indeed, the Plaintiff has is well known to the Fort Worth Federal Court since a review of the court's website shows that he has been a plaintiff in 17 lawsuits filed in the Northern District of Texas since 1996.

The Plaintiff has already sought to transfer the venue of this case although, inexplicably, he sought to transfer it to the United States District Court for the Northern District of Georgia (the "Georgia Federal Court"), which appears to have no connection to either party or to any of the issues raised in the Complaint.[2] On August 16, 2012, this Court entered an order denying the Plaintiff's motion to transfer venue, without prejudice, because this Court could not conclude that the case "might have been brought" in the Georgia Federal Court.

As this Court stated in the August 16, 2012 Order, 28 U.S.C. § 1404(a) permits this Court to transfer the venue of the case to a court in which the action might have been brought provided that the "convenience of the parties and witnesses" and the "interest of justice" counsel in favor of transfer. This Court further stated that,

> In making this determination, the Court generally looks to six private interest factors (the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof) and three public interest factors (the transferee court's familiarity with the governing laws, the relative congestion of each court, and the local interest in deciding local controversies at home). *See Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32-34 (D.D.C. 2008).

---

[2]  Defendant Chase Home Finance, LLC was a limited liability company organized under the laws of the State of Delaware with its principal place of business in the state of Ohio. On May 1, 2011, Defendant Chase Home Finance, LLC was merged with and into JPMorgan Chase Bank, National Association. The only surviving entity is JPMorgan Chase Bank, National Association. JPMorgan Chase Bank, National Association, is a federally chartered bank with its principal place of business in the State of Ohio.

Both factors, the "convenience of the parties and witnesses" factor and the "interest of justice" factor favor the transfer of venue of this case. The case has no connection to the District of Columbia, appears to be based on transactions that occurred where the Plaintiff resides, which is in the Northern District of Texas and involves claims asserted under the laws of the state of Texas.

If the Court declines to dismiss the Complaint, then the transfer of venue to the Fort Worth Federal Court is appropriate.

## CONCLUSION

For all of the foregoing reasons, JPMorgan Chase Bank, N.A. respectfully requests that the Court dismiss the Complaint or, alternatively, transfer venue to the Fort Worth Federal Court.

Dated:  August 28, 2012    Respectfully submitted,

  /s/ Jeffrey L. Tarkenton
Jeffrey L. Tarkenton (D.C. Bar No. 376493)
Todd D. Ross (DC Bar No. 975943)
WOMBLE CARLYLE SANDRIDGE &
    RICE, LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
Tel:  (202) 857-4450
Fax:  (202) 261-0050
jtarkenton@wcsr.com
toross@wcsr.com

*Attorneys for Defendant JPMorgan Chase*
    *Bank, N.A.*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 28th day of August, 2012, I caused a copy of the foregoing Memorandum in Support of JPMorgan Chase Bank, N.A.'s Motion to Dismiss or, in the Alternative, to Transfer Venue to be served via the Court's CM/ECF system or by first class, U.S. mail, postage prepaid, upon the following:

     Donald Willis
     7205 Norma Street
     Fort Worth, TX  76112

        /s/ Jeffrey L. Tarkenton
     Jeffrey Tarkenton (DC Bar No. 376493)
     Todd D. Ross (DC Bar No. 975943)
     WOMBLE CARLYLE SANDRIDGE &
        RICE, LLP
     1200 Nineteenth Street
     Suite 500
     Washington, DC  20036
     Tel.:  (202) 857-4450
     Fax:  (202) 261-0050
     jtarkenton@wcsr.com
     toross@wcsr.com